HARDY, Judge.
Plaintiff, assignee of an account, obtained a default judgment thereon against defendant, Silas Gully, in the principal sum of $115.98, which judgment was rendered and signed on August 19, 1954. Plaintiff, as judgment creditor, procured the issuance of a writ of fieri facias, under which he im-pleaded one H. L. Davidson, doing business under the trade name of Loraine-Mayflower Transfer & Storage Company, as garnishee, and propounded the usual form of interrogatories. The garnishee filed answer to the interrogatories on November 13, 1954, and on March 9, 1955, plaintiff obtained judgment against the said garnishee condemning him to pay 20% of all monies earned by *121 the defendant, Gully, while employed by the garnishee until the amount of plaintiff’s judgment should be paid, and providing that the deductions begin on the first pay day following the service of garnishment citation, which date was fixed as November 12, 1954, and further providing that the garnishee retain the sum of $64 out of the first of the said deductions. The provision authorizing the retention of the first $64 accumulated from the deductions was made in response to garnishee’s representation in answer to plaintiff’s interrogatories that defendant was indebted to him in said sum. The garnishee applied for a rehearing, which was refused, following which an appeal to this court was ordered.
In this court plaintiff has filed a motion to dismiss this appeal for want of a proper party appellant on the ground that the appellant herein named, Loraine Storage Company, is not a party to this suit. Counsel for the garnishee has not argued the motion to dismiss in either his original or supplemental brief.
Examination of the record discloses the fact that citation of appeal served on plaintiff gives notice of a devolutive and sus-pensive appeal taken by Loraine Storage Company, garnishee. As above noted, the judgment appealed was rendered against H. L. Davidson. It is true that in the judgment Davidson was identified with the business of Loraine-Mayfiower Transfer Company, but this does not alter the fact that the judgment itself was directed against Davidson personally. The record is devoid of any connection as between Loraine-Mayfiower Transfer Company and the Loraine Storage Company, in which name the citation of appeal was issued. Further reference to the appeal bond as filed discloses that it was executed by “Loraine Transfer and Stg. Company” as principal and H. L. Davidson as surety. We do not make this reference as bearing upon the nullity of the bond, which is obvious, but simply in connection with the inexplicable confusion of the named parties.
It is quite clear that the only party at interest in this appeal is H. L. Davidson and no trade name, nor any number of varying trade names, has any standing in this court as appellant. Clearly the error is an error of substance and not of form, and it therefore follows that the motion to dismiss is well taken.
For the reasons assigned the appeal is dismissed.